1
2
3
4   **UNITED STATES DISTRICT COURT**
5   **DISTRICT OF NEVADA**
6

_____
7   FAN FI INTERNATIONAL, INC. et al.          )
                                               )
8                        Plaintiffs,           )                    3:16-cv-00661-RCJ-VPC
                                               )
9              vs.                             )
                                               )                    **ORDER**
10  INTERLINK PRODUCTS                         )
    INTERNATIONAL, INC.,                       )
11                                             )
                         Defendant.            )
12  _____

13          This Lanham Act case arises out of alleged false advertising.  Pending before the Court is

14  a motion to dismiss for failure to state a claim.

15  **I.      FACTS AND PROCEDURAL HISTORY**

16          **A.      The New Jersey Actions**

17          On February 29, 2016, Interlink Products International, Inc. ("Interlink") sued Fan Fi

18  International, Inc. ("Fan Fi") for patent infringement in the U.S. District Court for the District of

19  New Jersey, alleging that Fan Fi's sale of certain dual showerhead products violated U.S. Patent

20  No. 7,299,510. (*See* Compl., ECF No. 1 in D.N.J. Case No. 2:16-cv-1142).  Interlink amended

21  the complaint on June 23, 2016 to add ETL, LLC as a defendant. (*See* Am. Compl., ECF No. 14

22  in D.N.J. Case No. 2:16-cv-1142).

23
24

On March 4, 2016, Interlink again sued Fan Fi in the U.S. District Court for the District of New Jersey, this time for trademark infringement and unfair competition under both federal and state law, based on Fan Fi's use of the "POWER SPA" mark. (*See* Compl., ECF No. 1 in D.N.J. Case No. 2:16-cv-1244). Interlink amended the complaint on June 23, 2016 to add ETL, LLC as a defendant. (*See* Am. Compl., ECF No. 13 in D.N.J. Case No. 2:16-cv-1244). On July 29, 2016, Fan Fi and ETL counterclaimed for a declaration of non-infringement and cancellation of the mark. (*See* Answer & Countercl., ECF No. 23 in D.N.J. Case No. 2:16-cv-1244).

On August 2, 2016, Interlink sued Fan Fi and ETL for a third time in the U.S. District Court for the District of New Jersey for false advertising under the Lanham Act and several related state law causes of action based on advertising claims Fan Fi and ETL made in relation to their showerhead products. (*See* Compl., ECF No. 1 in D.N.J. Case No. 2:16-cv-4663).

On September 28, 2016, the three New Jersey Actions were consolidated in that district, with the '1142 Case as the lead case. On November 17, 2016, Fan Fi and ETL moved to transfer the New Jersey Actions to this District under 28 U.S.C. § 1404(a). As of February 6, 2017, the motion is fully briefed but no hearing has been set, and a settlement conference has been set for February 23, 2017.

## B.      The Present Action

On November 16, 2016 (the day before they moved to transfer the New Jersey Actions to this District), Plaintiffs Fan Fi and ETL sued Defendant Interlink in this Court for false advertising under the Lanham Act and deceptive trade practices and unfair competition under state law. Plaintiffs allege that certain of Defendant's showerheads violate federal regulations because they permit a flow of greater than 2.5 gallons per minute ("gpm") at 80 psi when the flow restrictor is removed and that the flow restrictors can be removed with less than eight

1    pounds of force.  Plaintiffs allege that Defendant's advertising claims that its showerheads

2    comply with federal law are therefore false.  Defendant has moved to dismiss for failure to state

3    a claim.

4    **II.    LEGAL STANDARDS**

5            Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

6    claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

7    what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

8    (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

9    that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

10   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

11   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

12   failure to state a claim, dismissal is appropriate only when the complaint does not give the

13   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

14   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

15   sufficient to state a claim, the court will take all material allegations as true and construe them in

16   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

17   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

18   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

19   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

20           A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a

21   plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

22   "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

23   ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24

draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows (assuming the allegations of fact are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

### III.    ANALYSIS

Defendant argues that Plaintiffs have failed to state a claim (or have failed to plead the claims with particularity) because they have not alleged facts indicating that Defendant's products as sold violate federal law but only that customers may modify the products in such a way that they would not comply with federal regulations if sold in such a configuration, i.e., with the flow restrictor removed.  The Court agrees with Defendant that no claims lie where products advertised as complying with federal law do so as sold.  That is because it is only a violation of federal law, as relevant here, "for any manufacturer . . . to distribute in commerce any . . . product which is not in conformity with an applicable energy conservation standard established in or prescribed under this part . . . ." 42 U.S.C. § 6302(a)(5).  So long as the showerheads as distributed in commerce comply with relevant statutes and regulations, the manufacturer has complied with federal law and his advertising claims to that effect are not false, deceptive, or unfair.  Plaintiffs only allege that the 2.5 gpm flow rate is violated in Defendant's products when a consumer later removes the flow restrictor that is in place when the product is sold. (*See* Compl. ¶ 18).  That is not enough.  Plaintiffs argue that consumers purchase Defendant's products in part because they are environmentally friendly and less expensive to use, and that they are being misled because Defendant's products can be modified to increase the flow.  A flow rate above that advertised is not alleged to be possible, however, unless the consumer makes a free choice to modify the product.  A consumer holding a mutilated flow regulator on the end of a pliers has no complaint of deception against the manufacturer as to the resulting flow rate (unless the flow rate as modified is not what the manufacturer has promised, which Plaintiffs do not allege), and a competitor therefore has no complaint of false advertising or unfair competition.

Plaintiffs, however, do allege one way in which Defendant's products are not in compliance with federal law as sold, i.e., that the flow restrictors in "[s]ome of" Defendant's showerheads can be removed with less than eight pounds of force, (*see* Compl. ¶¶ 35–36), which would be inconsistent with federal regulations if true, *see* 10 C.F.R. § 430.32(p). The Court will permit this aspect of the claims to proceed. Finally, the Court will not dismiss based on the argument that Defendant's advertising claims were made only to a small portion of the relevant market (Wal-Mart), which is an issue for summary judgment.

In summary, the Court will dismiss the Complaint in part, with leave to amend, and will require a more definite statement in part. The Complaint currently states no claim as to the 2.5 gpm flow rate and does not specify which of Defendant's products have flow regulators that can be removed with less than eight pounds of force.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) is GRANTED IN PART, with leave to amend, and Plaintiffs shall make a more definite statement in part. Plaintiffs shall file a first amended complaint addressing the deficiencies in the Complaint within fourteen (14) days.

IT IS SO ORDERED.

DATED: This 17th day of February, 2017.

_____
ROBERT C. JONES
United States District Judge