Jason Lattimore (Pro hac vice)
The Law Office of Jason B. Lattimore, Esq.
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 998-7477

Michael D. Hoy (NV Bar 2723)
Hoy Chrissinger Kimmel Vallas, PC
50 West Liberty Street, Suite 840
Reno, Nevada 89501
(775) 786-8000
mhoy@nevadalaw.com

Attorneys for: Interlink Products International, Inc.

# United States District Court

## District of Nevada

| | |
|---|---|
| FAN FI INTERNATIONAL, INC., a Nevada corporation; and ETL, LLC dba Oxygenics, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> Interlink Products International, Inc., a New Jersey corporation, <br><br> Defendant. | Case No.  3:16-cv-00661-RCJ-VPC <br><br> MOTION TO DISMISS FIRST AMENDED COMPLAINT AND FOR SUMMARY JUDGMENT |

Defendant, Interlink Products International, Inc. ("Interlink"), moves to dismiss the First Amended Complaint (DE 22) ("FAC") of Plaintiffs, Fan Fi International, Inc. and ETL, LLC (together, "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6) and for summary judgment pursuant to Fed. R. Civ. P. 56.  This motion is

HOY | CHRISSINGER KIMMEL | VALLAS
ATTORNEYS AND COUNSELORS AT LAW

based on the following Memorandum of Points and Authorities, cited exhibits and declaration, other Court records, and all other evidence and argument offered in support of the motion.

## Memorandum of Points and Authorities

## I.    Introduction

On February 17, 2017, this Court issued an order ("the February 17 Order") dismissing Plaintiffs' Complaint, in part, and requiring Plaintiffs to identify the products they claim Interlink misrepresents to retailers as complying with all laws. *See* DE 19, p. 6, ll. 8-11.

On March 3, 2017, Plaintiffs filed the FAC.  In the FAC Plaintiffs allege:

> 23. Many retailers to whom Interlink sells require their suppliers to represent and/or certify that their products comply with all applicable laws and regulations. . . . .
>
> 24.  Interlink has falsely certified and/or represented to retailers, such as those listed above, that its showerheads comply with federal law when they do not given that the showerheads with removable flow regulators fail the force test directed by Congress and the Department of Energy and fail to exhibit the federally mandated labelling and markings.
>
> 25. Interlink's misrepresentations to retailers that its showerheads comply with federal law are material to retailers, who would not have purchased and resold Interlink's showerheads if they had known that Interlink's showerheads do not comply with federal law . . . .

FAC ¶¶ 23-25.

In separate footnotes (!), the FAC lists a number of Interlink products (FAC pp. 4-5, n1) and products which Plaintiff claims do not comply with federal

regulations (FAC p. 6, n2 and Exhibits 23-24). However, the FAC contains no allegation that any one of the products identified as noncompliant is actually sold to any retailer. As a matter of fact, **Interlink does not sell to Walmart, Bed Bath & Beyond or any other retail store in the United States any of the showerheads identified in the FAC.**

Because Plaintiffs have not specifically alleged Interlink sells any supposedly noncompliant product to any retailer, the FAC fails to state a claim for relief, and must be dismissed. Further, in light of the February 17 Order, the issue of whether Interlink sells any noncompliant products to any pertinent entity is ripe for summary judgment.

The FAC also contains Plaintiffs' claim that Interlink misrepresents the lifespan of its LED lights. Plaintiffs have reiterated their theory that the claim is false because it is supposedly unsubstantiated. *See* FAC ¶ 34. However, there is no private right of action for unsubstantiated advertising in the Ninth Circuit, whether under the Lanham Act or state law. Accordingly, the FAC also fails to state a claim with respect to its LED allegations and should be dismissed with prejudice. [1]

---

[1] Interlink raised this issue in its original motion to dismiss; however, the Court did not rule on the issue. To be clear, Interlink denies Plaintiffs' allegation that its advertising regarding the LED lights is unsubstantiated. In fact, Interlink took care to confirm with its supplier that the 100,000 hour rating is accurate. *See* Zhadanov Decl. ¶¶ 8-9.

## II.    LR 56-1 Statement of Facts

1.    In the FAC, Plaintiffs identified 15 models of Interlink showerheads they claim did not pass testing to determine compliance with federal regulations governing the force required to remove the flow regulator. *See* FAC ¶ 21, Exhs. 21-22.  Interlink has not sold any of the fifteen products identified in Exhibits 21-22 of the FAC to Walmart, Bed Bath & Beyond or any other retail store in the United States. *See* Zhadanov Declaration ¶ 4.

2.    The FAC alleges visual inspection showed that five of Interlink's showerheads lacked certain labeling required under federal law. *See* FAC ¶ 22, fn2 and Exh. 25.   Interlink has not sold any of the five products referred to in FAC paragraph 22 to Walmart, Bed Bath & Beyond or any other retail store in the United States. *See* Zhadanov Declaration ¶ 5.

3.    Amazon.com has not purchased from Interlink any of the products the plaintiffs identified in the FAC as noncompliant, with the exception of forty-one pieces of item 1445 that were sold as a marketing test that has since been discontinued. *Id.* ¶ 6.  Interlink sells the products at issue directly to consumers (including item 1445) using Amazon.com's Seller Central platform. *Id.*  The Seller Central platform provides open access to the Amazon.com online marketplace. *Id.*; Request to Take Judicial Notice of *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090 (W.D. Wash. 2004) and *Almeida v. Amazon.com, Inc.*, 2004 U.S. Dist. Lexis 30044 (S.D. Fla. July 30, 2004), below at p. 9, fn 3.

4. The Amazon.com Participation Agreement, attached as Exhibit 31 to the FAC, explicitly states:

> **4. Amazon's Role.** Amazon provides a platform for third-party sellers ("Sellers") and buyers ("Buyers") to negotiate and complete transactions. Amazon is not involved in the actual transaction between Sellers and Buyers, except as set out in Section 5. As

FAC Exh. 31 at ¶ 4.

5. "Section 5" of the Amazon Seller Agreement refers to Amazon.com's role in processing sales transactions. *Id* at ¶ 5.

6. "Section 5" of the Amazon Seller Agreement does not identify Amazon.com as a purchaser of any products. *Id.*

7. Groupon.com, like Amazon.com, is an open marketplace where anyone can post and sell products. Zhadanov Decl. ¶ 7.

## III. Legal Argument

### A. Motion to Dismiss Standard

Dismissal under Rule 12(b)(6) is appropriate if, taking the well-pled allegations of the complaint in the light most favorable to the opposing party, the complaint fails to state a claim for which relief can be granted. *Oaktree Capital Mgmt., L.P. v. KPMG*, 963 F. Supp. 2d 1064, 1073 (D. Nev. 2013). The allegations of a complaint must be sufficient to raise the plaintiff's right of relief above the level of sheer speculation such that the claim, as pled, is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* "When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed." *Oaktree Capital*, 963 F. Supp. 2d at 1074 (citing *Twombly*, 550 U.S. at 570).

Because the claims in this case sound in fraud (see Complaint ¶¶ 25, 29-30, 39-41, 47-48, 50-64), the requirements of Fed. R. Civ. P 9(b) also apply on this motion. *See LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1244-45 (D. Nev. 2014); *Antaredjo v. Nationstar Mortgage*, 2:13-CV-1532, 2014 U.S. Dist. LEXIS 9611, at *5, 2014 WL 298810 (D. Nev. Jan. 27, 2014).

When evaluating a motion to dismiss, a court may "consider . . . documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" without converting the motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### B.    The Summary Judgment Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A principal purpose

of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"[W]hen the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden [on a motion for summary judgment] in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial." *Aevoe Corp. v. AE Tech Co.*, 40 F. Supp. 3d 1351, 1355 (D. Nev. 2014) (citing *Celotex Corp.*, 477 U.S. at 323- 24). "If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Id.* at 1356 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

**C.     The Court Should Dismiss Plaintiffs' Claims Based on Alleged Misrepresented Legal Compliance.**

It is well-settled in the Ninth Circuit that, whether under the Lanham Act or state law, a plaintiff bringing an action for false advertising bears the burden of proving that the defendant made a false statement. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 n4 (9th Cir. 2000).[2]

---

[2] Plaintiffs have previously acknowledged that their claim under the Nevada Deceptive Trade Practices Act should be evaluated under the same standards as their Lanham Act claim. DE 15 at p. 16. Although the parties disagree on whether Plaintiffs' common law unfair competition claim should be evaluated

Here, Plaintiffs allege Interlink induced "retailers" to purchase its showerheads by mispresenting that the showerheads comply with federal law. *See* FAC ¶¶ 23-25. Yet the FAC fails to set forth a single allegation establishing that Interlink actually sells, to any retailer, the showerheads Plaintiffs claim are non-compliant. In light of the February 17 Order, that alone warrants dismissal of the FAC.

The Court should go farther here and grant Interlink summary judgment on this aspect of Plaintiffs' claims. There is no genuine dispute that Interlink does not sell any of the products identified in the FAC to any retail store. Zhadanov Decl. ¶¶ 4-5. None have been sold to Walmart or Bed Bath & Beyond, the two retail store examples listed in the FAC, or any other U.S. retail store. *Id.*

E-commerce site Amazon.com does not purchase the identified products from Interlink. *Id.* ¶ 6. As reflected in the Amazon Seller Agreement (above at p. 4), Amazon.com is an online platform that sellers can use to engage in online commerce directly with consumers. That fact is not legitimately disputable. Other courts have recognized that to be the nature of Amazon.com. *Corbis Corp. v. Amazon.com, Inc.,* 351 F. Supp. 2d 1090, 1110 (W.D. Wash. 2004) ("Amazon does not preview the products prior to their listing, does not edit the product descriptions, does not

---

under a different standard, there is no question that Plaintiffs bear the burden of proving the acts they allege form the basis for the claim. *See Mine O' Mine, Inc. v. Calmese,* No. 10-00043, 2011 U.S. Dist. LEXIS 75236, at *23, 2011 WL 2728390 (D. Nev. July 11, 2011).

HOY | CHRISSINGER
KIMMEL | VALLAS
ATTORNEYS AND COUNSELORS AT LAW

suggest prices, or otherwise involve itself in the sale."); *Almeida v. Amazon.com, Inc.,* 2004 U.S. Dist. Lexis 30044, at *5, 9-12 (S.D. Fla. July 30, 2004) (Amazon was not the seller of the book containing unauthorized images of plaintiff; third parties were solely responsible for selling the book on the Amazon.com website).[3]

As to Groupon.com, because it is an open marketplace, where any showerhead producer can sell its products, the issue of whether Interlink made any representations regarding legal compliance to Groupon is immaterial. The same is true with respect to the test sales of item 1445 by Amazon.com. Neither Amazon's nor Groupon's consent is required to sell on their respective websites. Since any shower head supplier, including Oxygenics, can post a shower head product on Amazon or Groupon at any time, any alleged misrepresentation could not have been the cause of the products being sold on the websites and, correspondingly, plaintiff's allegation that they were precluded by Interlink from selling their products on Groupon.com or Amazon.com (FAC ¶ 25) is unsupportable.

Plaintiffs' theory of liability is predicated on fiction. Because Interlink has negated the elements of Plaintiff's claim, Interlink is entitled to summary judgment.

---

[3]    Interlink requests that the Court take judicial notice of the findings in these cases concerning the nature of Amazon.com.

**D.      The Court Should Dismiss Plaintiffs' LED Claims With Prejudice Because There is no Cause of Action for Unsubstantiated Advertising in the Ninth Circuit.**

A claim for false advertising under the Lanham Act or state law cannot stand on allegations that the advertisement is unsubstantiated. *Caltex Plastics, Inc. v. Elkay Plastics Co.*, No. 12-10033, 2015 U.S. Dist. LEXIS 13442, at *14, (C.D. Cal. Feb. 4, 2015) (entering judgment in favor of Defendant on Lanham Act and state law claims); *U-Haul Int'l, Inc. v. Jartran, Inc.*, 522 F. Supp. 1238, 1248 (D. Ariz. 1981) *aff'd*, 681 F.2d 1159 (9th Cir. 1982) (holding that allegations of unsubstantiated advertising could not support a claim for false advertising under the Lanham act).

A plaintiff alleging false advertising bears the burden of proving that the advertisement is false – proof that the advertisement is merely unsubstantiated is not sufficient. *Procter & Gamble Co. v. Chesebrough-Pond's*, 747 F.2d 114, 119 (2d Cir. 1984) ("[E]ach plaintiff bears the burden of showing that the challenged advertisement is false and misleading . . . not merely that it is unsubstantiated by acceptable tests or other proof."); *Johnson & Johnson—Merck Consumer Pharms. Co. v. Rhone—Poulenc Rorer Pharms., Inc.*, 19 F.3d 125, 129 (3d Cir. 1994) ("A plaintiff must prove that the claim is false or misleading, not merely that it is unsubstantiated.").

Further, private litigants may not bring claims for business practices, such as unsubstantiated advertising, that fall uniquely within the enforcement power of the Federal Trade Commission under the Federal Trade Commission Act, 15 U.S.C. § 45

et seq. *Fraker v. Bayer Corp.*, No. 08-1564, 2009 U.S. Dist. LEXIS 125633, 2009 WL 5865687, at *8 (E.D. Cal. Oct. 2, 2009) ("In this circuit it is settled law that a private litigant may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by the Federal Trade Commission Act") (citing *Driesbach v. Murphy*, 658 F. 2d 720, 730 (9th Cir. 1981)).

The court's opinion in *Caltex* is instructive in its application of the principals stated above:

> Defendant does not have the burden of proof and is thus not required to show that its advertisements are substantiated by testing. As *Fraker* points out, "the government, representing the Federal Trade Commission, can sue an advertiser for making unsubstantiated advertising claims; a private plaintiff cannot." *Fraker*, 2009 WL 5865687, at *8. A private litigant asserting false or misleading advertising "has the burden to plead and prove facts that show" that the defendant's advertising claims "are false or misleading," not merely unsubstantiated. *Id.*

*Caltex*, 2015 U.S. Dist. LEXIS 13442, at *14; *accord Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 229 (3d Cir. 1990) (declining the "invitation to blur the distinctions between the FTC and a Lanham Act plaintiff" and holding that a Lanham Act plaintiff must "show that the [advertising] claims are literally false or misleading to the public[,]" not just inadequately substantiated.

As alleged in paragraph 34 of the FAC, Plaintiffs predicate their allegations of falsity with respect to Interlink's advertisements concerning LED lifetime on the allegation that the advertisements are unsubstantiated. Plaintiffs confirmed in their prior submission to the Court that this is the sole ground pled in support of their

LED claim. DE 15, at p. 14 n8. Accordingly, Plaintiffs' claim that Interlink's LED advertising is false should be dismissed with prejudice.

## IV.   Conclusion

For the foregoing reasons, the Court should dismiss the Complaint in its entirety, granting Interlink summary judgment on Plaintiffs' theory that Interlink misrepresents the legal compliance of its products to retailers, and dismissing Plaintiffs' LED-based claims with prejudice.

Dated March 23, 2017.                     HOY CHRISSINGER KIMMEL VALLAS, PC


_____
Michael D. Hoy
Attorneys for Interlink Products
International, Inc.

## Proof of Service

Pursuant to FRCP 5 and LR 5-4, Shondel Seth declares:  I am an employee of Hoy Chrissinger Kimmel Vallas, PC.  On March 23, 2017, I electronically filed the foregoing document with the U.S. District Court for the District of Nevada using the CM/ECF system, which will send a notice of electronic filing to the following lawyers and parties:  Tamara Reid, Brent Johnson, and Christopher B. Hadley, Holland & Hart, LLP, for Plaintiffs Fan Fi International, Inc. and ETL, LLC dba Oxygenics.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Reno, Nevada on March 23, 2017.

_____
Shondel Seth