**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| FAN FI INTERNATIONAL, INC. et al., | ) |
| Plaintiffs, | ) 3:16-cv-00661-RCJ-VPC |
| vs. | ) |
| INTERLINK PRODUCTS INTERNATIONAL, INC., | ) **ORDER** |
| Defendant. | ) |

This case arises out of alleged false advertising. Pending before the Court are a motion to dismiss and a motion for summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

### A. The New Jersey Actions

On February 29, 2016, Interlink Products International, Inc. ("Interlink") sued Fan Fi International, Inc. ("Fan Fi") for patent infringement in the U.S. District Court for the District of New Jersey, alleging that Fan Fi's sale of certain dual showerhead products violated U.S. Patent No. 7,299,510. (*See* Compl., ECF No. 1 in D.N.J. Case No. 2:16-cv-1142). Interlink amended the complaint on June 23, 2016 to add ETL, LLC as a defendant. (*See* Am. Compl., ECF No. 14 in D.N.J. Case No. 2:16-cv-1142).

On March 4, 2016, Interlink again sued Fan Fi in the U.S. District Court for the District of New Jersey, this time for trademark infringement and unfair competition under both federal and state law, based on Fan Fi's use of the "POWER SPA" mark. (*See* Compl., ECF No. 1 in D.N.J. Case No. 2:16-cv-1244). Interlink amended the complaint on June 23, 2016 to add ETL, LLC as a defendant. (*See* Am. Compl., ECF No. 13 in D.N.J. Case No. 2:16-cv-1244). On July 29, 2016, Fan Fi and ETL counterclaimed for a declaration of non-infringement and cancellation of the mark. (*See* Answer & Countercl., ECF No. 23 in D.N.J. Case No. 2:16-cv-1244).

On August 2, 2016, Interlink sued Fan Fi and ETL for a third time in the U.S. District Court for the District of New Jersey for false advertising under the Lanham Act and several related state law causes of action based on advertising claims Fan Fi and ETL made in relation to their showerhead products. (*See* Compl., ECF No. 1 in D.N.J. Case No. 2:16-cv-4663).

On September 28, 2016, the three New Jersey Actions were consolidated in that district, with the '1142 Case as the lead case. On November 17, 2016, Fan Fi and ETL moved to transfer the New Jersey Actions to this District under 28 U.S.C. § 1404(a). As of February 6, 2017, the motion is fully briefed but no hearing has been set, and a settlement conference has been set for February 23, 2017.

B.  **The Present Action**

On November 16, 2016 (a day before moving to transfer the New Jersey Actions to this District), Plaintiffs Fan Fi and ETL sued Defendant Interlink in this Court for false advertising under the Lanham Act and deceptive trade practices and unfair competition under state law. Plaintiffs allege that certain of Defendant's showerheads violate federal regulations because they permit a flow of greater than 2.5 gallons per minute ("gpm") at 80 psi when the flow restrictor is removed and that the flow restrictors can be removed with less than eight pounds of force.

Plaintiffs allege that Defendant's advertising claims that its showerheads comply with federal law are therefore false.

Defendant moved to dismiss for failure to state a claim. The Court granted the motion in part. Plaintiffs had only alleged that Defendant's showerheads violated flow rate limitations if modified by consumers, not as sold by Defendant. The Court gave Plaintiffs leave to amend in that regard. The Court did not dismiss as to the allegation that Defendant's showerheads' flow restrictors could be removed with less than eight pounds of force ("the force test"), but the Court ordered Plaintiffs to make a more definite statement as to that allegation, i.e., to specify which of Defendant's products violated the force test. Plaintiffs filed the First Amended Complaint ("FAC"). Defendant has moved to dismiss the FAC for failure to state a claim and has also moved for summary judgment.

## II. LEGAL STANDARDS

### A. Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows (assuming the allegations of fact are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which

are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the non-moving party where there is

a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III. ANALYSIS

Plaintiffs have not cured the defects with respect to the allegations of illegal flow rates. Plaintiffs do not appear to have pursued this theory via the FAC, instead focusing on the force test. Plaintiffs have alleged that 33 of Defendant's showerheads fail the force test. (*See* First Am. Compl. ¶ 21 ("Numerous Interlink's [sic] showerheads, specifically those listed above (*supra* fn. 1) have been tested in a qualified laboratory setting and have failed this force test.")). This allegation satisfies the Court's order to make a more definite statement, and the allegations satisfy Rule 8(a) as to the force-test claim. The Court denies summary judgment on the force test issue without prejudice. As Plaintiffs note, discovery does not end until January 2018. It is far too early to expect Plaintiffs to oppose a fact-dependent summary judgment motion.[1]

Next, the Court did not previously address the allegations concerning false advertisements of LED lifespan. Plaintiffs allege that Defendant advertises a 100,000-hour lifespan, which exceeds typical industry claims of 25,000-to-50,000 hours. (*Id.* ¶ 33). Plaintiffs allege that the advertising claim is false because it would take 11 ½ years to substantiate, and that unidentified consumers have complained that the LEDs failed in as little as two weeks. (*Id.*

---

1 The Court notes that even now, Plaintiffs' attachment of the relevant laboratory reports would prevent summary judgment on the force test issue as to 17 of the showerheads (it appears that only 21 of the 33 showerheads identified in the FAC were tested—one in the first report, Exhibit 23 to the FAC, and 20 in the second report, Exhibit 24 to the FAC). (*See* Testing Reports, ECF No. 22-4, at 14–19). Four of the 21 showerhead products tested passed the force test, and 17 failed as to at least one component (some models have both fixed and hand-held showerheads, and in some cases one component passed while the other failed). (*See id.*).

¶¶ 34–35). The Court dismisses this claim, with leave to amend. A manufacturer need not demonstrate an advertising claim is true in order to avoid making a false claim. Rather, a plaintiff must show that the claim is false. A claim of product life can be based on a reasonable estimate. The only affirmative claims of falsehood by Plaintiffs as to LED lifespan are isolated instances of product failure by unspecified customers. A claim of falsehood must be based on more than the possibility of falsehood, e.g., "I don't believe it." Plaintiffs must base their claim of falsehood on something objective, e.g., a mechanical comparison of Defendant's LED system with an LED system of known lifespan, or some other objective examination that would give plausibility to the allegation that a 100,000-hour lifespan is false.

Finally, Plaintiffs did not have leave to add allegations concerning federal labeling and marking requirements. The Court will strike those allegations.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 26) is GRANTED IN PART and DENIED IN PART, with leave to amend in part. The claims are dismissed insofar as they are based on violations of flow rates or false claims of LED lifespan, with leave to amend as to the LED lifespan issue. The claims may proceed insofar as they are based on violations of the force test. The allegations concerning federal labeling and marking requirements are stricken.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 29) is DENIED without prejudice.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

_____
ROBERT C. JONES
United States District Judge